NELSON and others, Respondents, vs. FAIRCHILD & NORTH-EASTERN RAILWAY COMPANY, imp., Appellant.

*February 5—May 23, 1916.*

*Appeal: Affirmance on equal division: Contracts: Railway construction: Conclusiveness of engineer's estimate.*

Upon an appeal from a judgment for the amount found due on a railway construction contract, the justices participating in the decision being equally divided as to the conclusiveness of the final estimate of defendant's chief engineer and upon the question of affirmance of the whole judgment, the judgment is affirmed.

APPEAL from a judgment of the circuit court for Eau Claire county: JAMES WICKHAM, Circuit Judge. *Affirmed.*

This action was brought to recover under a railway construction contract for completing a certain part of a railroad. The dispute is as to the balance due the plaintiff and to enforce a lien against the property. The court found substantially as follows:

(1) That on the 15th day of March, 1912, a contract for construction was made between plaintiffs and defendant railway company.

(2) On March 22, 1912, the plaintiffs made a contract with the defendant Jacobson, by the terms of which Jacobson was to do a part of the work as subcontractor.

(3) That pursuant to the contract between plaintiffs and the defendant railway company plaintiffs and certain subcontractors, including the defendant Jacobson, entered upon the performance of the work in April, 1912, and thereafter performed all the conditions of the contract in manner provided therein to the satisfaction of the president of said railway company and its chief engineer, which work was completed on or about November 17, 1912, except the portion thereof performed by said Jacobson, which was completed on or about February 18, 1913, but no damages are claimed by the defendant railway company for failure of plaintiffs and their subcontractors to complete the work within the time required by the contract.

(4) That in the performance of said work under said contract with said railway company, plaintiffs and their subcontractors performed the work and earned, at the prices specified in the contract, the respective amounts hereinafter stated:

| | |
|---|---:|
| Clearing 38.49 acres, at $25 per acre..................... | $962 25 |
| Grubbing 648.68 sq. rds., at $1 per sq. rd................ | 648 68 |
| Piling, 10,861 lineal ft. at 20c. per lin. ft................. | 2,172 20 |
| Timber work, 183,415 feet at $11 per M. feet........... | 2,017 56 |
| Hauling and placing culvert pipes, 4,624 lineal feet at 43c. per ft....................................... | 1,988 32 |
| Excavating earth, 333,303 cu. yds. at 20c. per cu. yd...... | 66,660 60 |
| Excavating loose rock, 9,575 cu. yds. at 35c. per cu. yd.... | 3,351 25 |
| Excavating sand rock, 62,837 cu. yds. at 40c. per cu. yd.. | 25,134 80 |
| Overhaul, 749,801 cu. yds. at 1¼c. per cu. yd........... | 9,372 51 |
| Extra work of plaintiffs as per finding No. 5............ | 118 67 |
| Extra work of Jacobson as per finding No. 6............ | 91 00 |

Making a total amount earned for the work above specified $112,517 84

(5) That in the performance of said work plaintiffs performed extra work in pursuance of an order of the chief engineer of defendant railway company in changing the line of said road at station 771 to 773 and expended in the performance of said work $178.67, which is a reasonable price

therefor, no part of which has been paid except $60, leaving a balance due plaintiffs for said work of $118.67.

(6) That in July and August, 1912, the defendant Jacobson performed extra work for said railway company in repairing and improving its right of way pursuant to an order of the chief engineer of said railway company, to the amount and reasonable value of $91, no part of which has been paid; that said order for the performance of said work was not by any express words affirmed by the president of said railway company, but said railway company, under circumstances making it chargeable with notice of the facts, received the benefit of the work, made no objection thereto, and waived the provisions in the contract requiring the order therefor to be affirmed by its president.

(7) That between stations 365 and 395 said defendant Jacobson hauled material from excavations a longer distance than 2,600 feet, the limit of overhaul provided for in said contract, the amount of which material so hauled beyond said limit, if computed according to said contract, had no limit of haul been therein prescribed, would have amounted to 27,495 cubic yards of overhaul; that said work was performed at the request of the chief engineer of said railway company and on his promise that said railway company would pay therefor; that said order of said chief engineer was not affirmed by the president of said railway company and the provision of the contract on that subject was not waived; that said 27,495 cubic yards is not included in the overhaul included in finding No. 4, but that credit is there given for hauling all of said material to the limit of the overhaul.

(8) That the plaintiffs in excavating rock in the cut at stations 401 to 417 removed 2,181 cubic yards of rock of the character indicated by exhibits 6a and 6b which are in evidence, and the defendant Jacobson, at a cut located at station 481 to 490, removed from an excavation a quantity of rock amounting to 4,148 cubic yards of the character indicated by exhibits 11c and 11d; that said respective parties claim that said rock is hard rock within the terms of the contract, and offered evidence tending to show that it is customary for engineers engaged in classifying such rock to classify it as hard rock, but the court finds that all such rock in fact is hard rock and none of it harder than sand rock, and that such parties

did not in the performance of their work remove any hard rock as that term is defined by the contract.

(9) That prior to the commencement of this action the defendant railway company paid to plaintiffs on account of the work performed under such contract $97,624.38.

(10) That the portion of the work included in the foregoing findings which was performed by the defendant Jacobson at the prices he was entitled to, and the amount earned by him, are as follows:

| | |
|---|---:|
| Clearing 5.2 acres, at $17.50 per acre..................... | $91 00 |
| Grubbing 38.32 acres, at 75c. per acre..................... | 28 74 |
| Hauling and laying culvert pipe, 1,856 lineal feet at 40c. per foot ........................................ | 742 40 |
| Excavating earth, 1,407,797 cu. yds. at 17½c. per cu. yd... | 24,638 47 |
| Excavating loose rock, 9,385 cu. yds. at 30c. per cu. yd.... | 2,815 50 |
| Excavating sand rock, 28,560 cu. yds. at 35c. per cu. yd.... | 9,996 00 |
| Overhaul from station 335 to 405, 301,710 cu. yds. at ¾c. per cu. yd..:..................................... | 2,262 82 |
| Overhaul from station 890 to 1070, 135,057 cu. yds. at 1c. per cu. yd........................................ | 1,350 57 |
| Extra work as per finding No. 6....................... | 91 00 |

Making a total amount earned by said Jacobson, the sum of $42,016 50

(11) That prior to the commencement of this action plaintiffs paid to defendant Jacobson on account of work performed under said subcontract the sum of $39,245.95.

(12) That J. H. Thomas, from the time work was commenced under plaintiffs' contract until about September 15, 1912, was chief engineer of defendant railway company and acted as such in the performance of the work under said contract, and that about the date last named T. B. Knuth was appointed in his place and continued to act as such chief engineer until said work was completed.

(13) That on February 22, 1913, said chief engineer made a final estimate of the work done under said contract and certified to its being correct, and delivered the same to the plaintiffs, and thereafter and on the 28th of March, 1913, said chief engineer made and delivered to plaintiffs a revised final estimate of such work done under said contract in which certain slight additions and changes were made to the estimate previously made and delivered, which estimates as revised showed the following amount of labor performed by plaintiffs and their subcontractors under such contract:

Clearing 38.49 acres; grubbing 648.68 sq. rds.; earth excavations, 357,383 cu. yds.; overhaul, 733,641 cu. yds., loose rock, 10 cu. yds.; sand rock, 48,322 cu. yds.; piling driven, 10,861 lineal feet; timber in bridges and cattle passes, 183,415 sq. ft.; pipe, culvert, 4,624 lineal feet; which various items were computed in said revised final estimate as $107,768.42, and after deducting $97,624.38 leaves a balance of $10,144.04 as the amount due; that said estimate also showed, which is included in the figures hereinbefore stated, the following amount of labor performed by the defendant Jacobson: Clearing, 5.2 acres; grubbing, 38.32 sq. rds.; earth excavation, 150,283 cu. yds.; overhaul, 420,607 cu. yds.; sand rock, 28,459 cu. yds.; pipe, culverts, 1,856 lineal feet.

(14) That in making said final estimate and the computation upon which the same was based said chief engineer failed to make the same in accordance with the 'terms or on the basis contemplated by the contract between plaintiffs and the defendant railway company in the following particulars:

(a) A large portion of his classification of material removed from excavation was based on information derived from the appearance of the excavation after the removal of the material, without observation or measurement of material as the work progressed, and part thereof on inaccurate hearsay information as to where blasting was done, and not in compliance with the provision of the contract, which provides that "All cuttings shall be measured in the excavation and estimated by the cubic yard under the following heads, viz. earth, loose rock, sand rock, and hard rock."

(b) That he made his computation and estimate on the erroneous assumption that a certain clause in the contract designated certain loose rock therein referred to as rock "containing not less than one cubic yard" instead of the words "containing not over one cubic yard" which were used in the contract.

(c) That in making said estimate he proceeded on the erroneous assumption that stone and rock of all kinds, whether intermixed with earth or not, which could be removed from the excavation by a steam shovel without 'blasting, should be classified as earth, and because of such mistake he classified most of the loose rock in the excavation as earth.

(d) That he failed to allow items of overhaul on grounds which his testimony and final estimate show to be incorrect.

(15) That plaintiffs and the defendant Jacobson each filed in the office of the clerk of the circuit court of Eau Claire county a claim for lien as alleged in their respective pleadings.

(16) That on May 18, 1914, when this action was reached for trial, plaintiffs moved for continuance, and as a condition of said continuance being allowed it was stipulated that the plaintiffs should waive interest on the amount for which the defendant railway company tendered judgment, from May 18, 1914, until the date of trial in the regular order on the calendar of the court at the September, 1914, term; that on October 12, 1914, the court prepared to take up the trial of the case in its order, but by agreement of counsel the case was set for trial November 9, 1914.

(17) That the amount now due from the defendant railway company is the sum of $14,893.46, with interest from March 15, 1913, at six per cent., excepting that interest shall not be computed from May 18, 1914, to October 12, 1914, on the sum of $10,144.04, for which judgment was tendered.

(18) That the amount due to the defendant Jacobson is $2,771.55, with interest from April 23, 1913, at six per cent.

The court concluded: (1) That by the terms of the contract entered into between plaintiffs and defendant railway company it was not contemplated by the parties that the final estimate of the chief engineer should be binding and conclusive upon the parties as to measurement or classification of work or computation of amounts due the plaintiffs therefor, or on any subject other than that of giving said final estimate, if in his judgment the work was performed in the manner provided by the contract and to his satisfaction; and of withholding the same if the work was not so performed. (2) That even if said contract should be construed the same as if it contained a provision that the final estimate of the chief engineer should be final and conclusive between the parties as to measurements, classification, and computation of

amounts due, the result would not be materially different, because the facts found in finding No. 14 amounted to such a departure on the part of said chief engineer from the terms of the contract, and such a failure to exercise his judgment on the matters involved therein, that his final estimate is not binding upon the parties. (3) That the plaintiffs and the defendant Jacobson are entitled to judgment of foreclosure according to the demand of plaintiffs' amended complaint for the amount of their respective claims, with costs, the amount of the plaintiffs' claim being the amount found due from the defendant railway company by finding No. 17, less the amount of the claim of said Jacobson, and the amount of said Jacobson's claim being the amount found due him by finding No. 18.

Judgment was entered in favor of the plaintiffs in accordance with the findings of fact and conclusions of law, from which this appeal was taken.

For the appellant there was a brief by *Bundy & Wilcox,* and oral argument by *C. T. Bundy.*

For the respondents there was a brief by *Sturdevant & Farr,* attorneys, and *Clapp & Macartney,* of counsel, and oral argument by *L. M. Sturdevant.*

For the defendant Jacobson there was a brief by *Einar Hoidale.*

The following opinion was filed March 14, 1916:

KERWIN, J. The four justices participating in the decision are equally divided on the question of affirmance of the whole judgment. Chief Justice WINSLOW and Justice VINJE are of opinion that under the terms of the contract the final estimate of the chief engineer was final and conclusive in the absence of fraud or a mistake in some fundamental fact or right in the light of which his decision should have been but was not exercised. They are also of opinion that there was such a mistake here in assuming that the contract contained the words "not less than one cubic yard" instead of

the words "not over one cubic yard," and that this erroneous assumption formed one of the fundamental bases on which his estimate of loose rock was made, hence that the estimate as to loose rock was not conclusive but open to correction, and that the findings of the trial court on that subject are correct. They therefore think that the judgment should be affirmed as to all items except the amount found due for overhaul, as to which they think there should be reversal. Justice SIE-BECKER and the writer are of opinion that the estimate of the engineer was not final and conclusive under the terms of the contract but open to correction, and that mistakes were made by the engineer in estimating the amount due as found by the trial court, therefore that the judgment should be affirmed. In this situation the judgment must be affirmed.

*By the Court.*—The judgment is affirmed.

A motion for a rehearing was denied, with $25 costs, on May 23, 1916.